IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE A. GUILFOIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 17-171-GMS |
| | ) |
| MICHAEL WEINSTEIN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

The plaintiff, Dale A. Guilfoil ("Guilfoil"), an inmate at the Sussex Correctional Institution, Georgetown, Delaware, filed this lawsuit on February 9, 2017, pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act.[1] (D.I. 1.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.   BACKGROUND**

The defendant Michael Weinstein ("Weinstein") is a Delaware State trooper who arrested Guilfoil. On February 18, 2015, Weinstein testified at a suppression hearing held during the course of the criminal case brought against Guilfoil. Guilfoil alleges that Weinstein's testimony indicates that Weinstein did not have probable cause to arrest Guilfoil. Guilfoil alleges that Weinstein violated his constitutional rights. He seeks compensatory and punitive damages.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The court takes judicial notice of the following: On April 1, 2015, the Superior Court of the State of Delaware in and for Kent County ("Superior Court") denied the motion to suppress filed in Guilfoil's criminal case, *State v. Guilfoil*, I.D. No. 1407004778 (Del. Super. Apr. 1, 2015), and found that "the evidence was sufficient to establish that the officer had probable cause to believe [Guilfoil] was driving under the influence." On June 8, 2015, following a jury trial, Guilfoil was convicted of driving a vehicle while under the influence of alcohol and/or drugs. *Guilfoil v. State*, 135 A.3d 78, 2016 WL 943760 (Del. 2016) (table). Guilfoil appealed and, on March 11, 2016, the Delaware Supreme Court affirmed the judgment of the Superior Court. *Id.* at 2016 WL 943760, at *7. On January 10, 2017, Guilfoil filed a civil lawsuit in the Superior Court against Weinstein and the Delaware State Police pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities act, raising almost identical claims as those raised in the instant complaint. *Guilfoil v. Weinstein*, C.A. No. K17C-01-006 JJC (Del. Super.) at BL-1. The complaint was dismissed on January 30, 2017, as factually frivolous, legally frivolous, malicious, and plainly appearing from the face of the complaint there was no entitlement to relief. *Id.* at BL-4. Guilfoil did not appeal dismissal of the case. He commenced this action on February 9, 2017.[2]

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[2]The date is calculated pursuant to the mailbox rule. See *Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002).

2

immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Guilfoil proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g.*, *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court

3

must grant Guilfoil leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Claim Preclusion/Res Judicata

Claim preclusion, formerly referred to as res judicata, bars a claim litigated between the

4

same parties or their privies in earlier litigation where the claim arises from the same set of facts as a claim adjudicated on the merits in the earlier litigation. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014). Res judicata bars not only claims that were brought in the previous action, but also claims that could have been brought. *Id.* (citations omitted). "A claim extinguished by res judicata includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Id.* (citations omitted). Claim preclusion gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding. Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities [sic]; and (3) a subsequent suit based on the same cause of action." *Id.* at 276 (citations omitted).

It is clear from a review of the instant complaint and that filed in the Superior Court that the complaint at bar is brought against the same defendant and is clearly based upon the same transactions and occurrences at the center of the complaint Guilfoil filed in the Superior Court. Accordingly, the court will dismiss the instant complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) as barred under the principles of claim preclusion or res judicata.

### B. *Heck v. Humphrey*

To the extent that Guilfoil attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson*, 435 F. App'x 56 (3d Cir. 2011) (unpublished). Furthermore, a plaintiff cannot recover under § 1983 for

5

alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering *Heck* and summarizing the interplay between habeas and § 1983 claims, the Supreme Court explains that,"a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Guilfoil's has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*, and the court takes judicial notice that his conviction was affirmed by the Delaware Supreme Court. *See Guilfoil v. State*, 135 A.3d 78, 2016 WL 943760 (Del. 2016) (table). To the extent Guilfoil seeks damages for his current incarceration, his claim rests on an inarguable legal conclusion and is frivolous. Therefore, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint as legally frivolous pursuant to 28 U.S.C. §§1915(e)(2)(B)(i) and 1915A(b)(1). The court finds amendment futile.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_May 18_____, 2017
Wilmington, Delaware