IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE A. GUILFOIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 17-171-GMS |
| | ) |
| MICHAEL WEINSTEIN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

The plaintiff, Dale A. Guilfoil ("Guilfoil"), filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. On May 18, 2017, the court screened the complaint and dismissed it as frivolous. (D.I. 7, 8.) Guilfoil moves for reconsideration. (D.I. 9.)

**II. MOTION FOR RECONSIDERATION**

The standard for obtaining relief under Rule 59(e) is difficult for Guilfoil to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the

matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

In dismissing the complaint, the court reviewed Guilfoil's allegations and the applicable law. The court has again reviewed Guilfoil's complaint and the instant motion and finds that he has failed to demonstrate any grounds to warrant reconsideration of the May 22, 2017 order. Therefore, the court will deny the motion for reconsideration. (D.I. 9.)

## IV. CONCLUSION

For the above reasons, the court will deny the motion for reconsideration (D.I. 9).

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

June 23, 2017
Wilmington, Delaware

2